UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Armando Lisasuain

    v.                                                Civil No. 12-cv-224-PB

Hillsborough County Department of
Corrections Officer Justin Goulding

**REPORT AND RECOMMENDATION**

`     Plaintiff Armando Lisasuain, an inmate in the custody of the Hillsborough County Department of Corrections ("HCDC"), has filed a motion entitled "Motion for Protective Order and/or the Transfer of Movant" (doc. no. 13).  Defendant has not responded.

**Discussion**

I.   Preliminary Injunction Standard

    A plaintiff seeking a preliminary injunction must
    establish that he is likely to succeed on the merits
    [on the underlying claims in the action], that he is
    likely to suffer irreparable harm in the absence of
    preliminary relief, that the balance of equities tips
    in his favor, and that an injunction is in the public
    interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also People's Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 9 (1st Cir. 2012).  Demonstration of irreparable harm in the absence of an injunction is required to obtain preliminary injunctive relief.  See Voice of the Arab

World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citing 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2948 (2d ed. 1995) ("Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." (internal quotation marks and citation omitted))). "A finding of irreparable harm must be grounded on something more than conjecture, surmise or a party's unsubstantiated fears of what the future may have in store." Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004)

II. Background and Analysis

In the instant motion, plaintiff asserts that on December 4, 2012, HCDC Corrections Officer Justin Goulding, the defendant in this action, gave him three "murderous looks." As a result, plaintiff believes that without a protective order or an order transferring him to a different jail, Goulding will harm him.

Plaintiff's assertions fail to demonstrate that he is at any risk of immediate irreparable harm. Plaintiff's assertions state only his subjective fear and speculation about Goulding's intentions, based solely on "murderous looks." Lisasuain has

not satisfied his burden to demonstrate the existence of an immediate threat of harm.  See id.  Accordingly, plaintiff's motion should be denied.

## Conclusion

For the foregoing reasons, the court recommends that the motion for a protective order or transfer (doc. no. 13) be denied.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

January 8, 2013

cc:  Armando Lisasuain, pro se
LBM:jba